## Richard's Estate

*Howard M. Lutz*, for plaintiff.

VAN RODEN, P. J., February 16, 1946.—Marion Gilbert Richard died July 24, 1945, a resident of Delaware County, Pa. His will was duly probated, and two of the executors named therein have qualified to act.

The will contains the following provision:

"Item 5. That the properties at 107 and 111 Penn Boulevard, East Lansdowne, Pennsylvania, be sold without needless sacrifice as soon as possible after my decease and that the proceeds therefrom be divided equally among my heirs."

The decedent failed to authorize any person by name or description to make sale of his said real estate.

The executors have presented a petition to this court, which recites an offer received of $6,500 in cash for the

sale of one of these properties, to wit, 111 Penn Boulevard; and the prayer of the petition is that the court enter a decree authorizing petitioners to make sale of the said property according to the directions and for the purposes set forth in the will of the testator.

It clearly appears that testator intended an equitable conversion of his real estate, as there is a positive direction to sell the same. By reason of the fact that through ignorance or oversight he did not give the power to sell to any person by name or description, the provisions of section 28 (c) of the Fiduciaries Act of June 7, 1917, P. L. 447, 498, apply, and this power shall be deemed to have been given the executors.

By the terms of section 28 (c) of the Fiduciaries Act the exercise of the power to sell must be under the control and direction of this court. Section 28 (c) of the Fiduciaries Act is a reënactment of section 12 of the Act of 1834, P. L. 70, and requires an order of the orphans' court to sell realty where the power of sale is not given by name or description to any particular person: Himber v. Unks, 71 Pitts, L. J. 632 and see Gray v. Henderson, 71 Pa. 368.

Therefore, the court has entered a decree contemporaneously with the filing of this memorandum opinion, authorizing and empowering petitioners as executors of the will of decedent to make sale of the premises 111 Penn Boulevard, East Lansdowne, Pa., for the sum of $6,500 in cash, as prayed for.

In view of the fact that petitioners were appointed executors by the testator in his will and that no security has been required for the faithful performance of their duties, and in view of the intention, as above stated, to effect an equitable conversion of decedent's real estate, the proceeds to be distributed as directed, the court is of the opinion that it is not necessary to require any security to be entered.